**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CARLOS JAVIER EZETA,<br><br>    Defendant. | 2:11-CR-289-RCJ-VCF<br><br>**ORDER** |

Currently before the Court is Defendant's Motion to Dismiss Indictment (#26). The Court heard oral argument on March 6, 2012.

## BACKGROUND

On August 3, 2011, a grand jury indicted Defendant Carlos Javier Ezeta ("Defendant") on four counts of financial aid fraud. (Indictment (#1) at 1-3). Count One alleged that, on or about February 10, 2009, Defendant "did knowingly and willfully embezzle, misapply, steal, obtain by fraud, false statement, and forgery funds, assets and property provided and insured" under Title 20, Chapter 28, Subchapter IV of the United States Code, in an amount in excess of $200, by falsely and fraudulently stating in a financial aid application completed on behalf of A.L that A.L. had completed high school when Defendant then and there knew such statement to be false, in violation of 20 U.S.C. § 1097(a). (*Id.* at 1). Count Two alleged that, on January 14, 2010, Defendant engaged in the same conduct stated above, by falsely and fraudulently stating in a financial aid application completed on behalf of R.R.D. that R.R.D. had completed high school when Defendant then and there well knew such statement to be false, in violation of 20 U.S.C. § 1097(a). (*Id.* at 2). Count Three alleged that, on January 28, 2010,

Defendant engaged in the same conduct stated above, by falsely and fraudulently stating in a financial aid application completed on behalf of P.A.Z. that P.A.Z. had completed high school when Defendant then and there well knew such statement to be false, in violation of 20 U.S.C. § 1097(a). (*Id.*). Count Four alleged that, on April 15, 2010, Defendant engaged in the same conduct stated above, by falsely and fraudulently stating in a financial aid application completed on behalf of P.R.M. that P.R.M. had completed high school when Defendant then and there well knew such statement to be false, in violation of 20 U.S.C. § 1097(a). (*Id.* at 2-3).

## LEGAL STANDARD

An indictment is sufficient to withstand a motion to dismiss if it contains the elements of the charged offense in sufficient detail "(1) to enable the defendant to prepare his defense; (2) to ensure him that he is being prosecuted on the basis of facts presented to the grand jury; (3) to enable him to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge." *United States v. Bernhardt*, 840 F.2d 1441, 1445 (9th Cir. 1988).

## DISCUSSION

Defendant files a motion to dismiss the indictment because the actions described in the indictment do not violate 20 U.S.C. § 1097. (Mot. to Dismiss (#26) at 3). Defendant concedes that he made false statements on the Free Applications for Federal Student Aid ("FAFSA applications") but disputes that he "embezzled, misapplied, stole, or obtained" any federal funds. (*Id.* at 2-3). Defendant acknowledges that there is little case law addressing § 1097 but asserts that, based on the cases that do exist, § 1097 has not been used to prosecute individuals who have simply made a false statement on a FAFSA application without themselves receiving a benefit. (*Id.* at 3). Defendant only disputes the elements of "embezzle, misapply, steal, or obtain." (*Id.*).

In response, the government argues that there is no legal authority for the premise that Defendant must personally benefit from a violation of the statute to be guilty of the offense. (Resp. to Mot. to Dismiss (#30) at 3-4). The government asserts that Defendant aided and

2

abetted students in their efforts to obtain financial aid funds by his fraud and false statements. (*Id.* at 4). The government contends that Defendant obtained funds for the benefit of third parties, i.e. the students for their benefit and education. (*Id.* at 5). The government argues that it is not an element of the offense that Defendant receive the funds for his personal benefit. (*Id.*). The government asserts that case law suggests that it is sufficient that the fraud is committed for a defendant's own benefit or that of a third party. (*Id.* at 7).

In reply, Defendant asserts that case law requires that a defendant exercise unauthorized control or dominion over the federal funds. (Reply to Mot. to Dismiss (#32) at 2). Defendant also argues that he cannot be convicted under an aiding and abetting theory because there is no principal. (*Id.* at 3).

As an initial matter, the parties dispute whether Defendant misapplied or obtained federal funds by false statement. The government does not argue that Defendant embezzled or stole funds.

Pursuant to 20 U.S.C. § 1097, it is unlawful for "[a]ny person who knowingly and willfully embezzles, misapplies, steals, obtains by fraud, false statement, or forgery, or fails to refund any funds, assets, or property provided or insured under this subchapter and part C of subchapter I of chapter 34 of Title 42 or attempts to so embezzle, misapply, steal, obtain by fraud, false statement or forgery, or fail to refund any funds, assets, or property." 20 U.S.C. § 1097(a).

There are no Ninth Circuit cases that address the issues before this Court. As such, this Court looks to other jurisdictions for guidance. In *United States v. Bates*, 96 F.3d 964 (7th Cir. 1996), the Seventh Circuit held that willful misapplication under § 1097(a) "requires the government to allege and prove that the defendant consciously, voluntarily, and intentionally exercised unauthorized control or dominion over federally provided or guaranteed Title IV funds that interfered with the rights of the funds' true owner(s), for the use and benefit of the defendant or a third person, while knowing that such an exercise of control or dominion over the funds was a violation of the law." *Id.* at 970. In *United States v. Redfearn*, 906 F.2d 352 (8th Cir. 1990), the Eighth Circuit, in resolving an improper venue argument, held that because

§ 1097(a) prohibits obtaining federally guaranteed funds by making false statements, the crime is not complete until the defendant obtains the loan funds. *Id.* at 353-54.

In this case, the Court grants the motion to dismiss the indictment because the government does not and cannot make any factual allegations that Defendant misapplied or obtained funds. Based on the facts alleged, Defendant did not engage in willful misapplication under § 1097(a). Although Defendant made false statements for the benefit of third persons, there are no factual allegations that he "exercised unauthorized control or dominion" over the federal funds that those third persons received. Because Defendant did not ever receive the federal funds, the government fails to sufficiently allege willful misapplication under § 1097(a). Additionally, the government fails to sufficiently allege that Defendant "obtained" federal funds because he never received the federal funds. As such, the Court grants the motion to dismiss the indictment (#26) in its entirety.

At oral argument, the Court rejected the government's aiding and abetting theory on grounds that there was no principal. During oral argument, the government cited *United States v. Lee*, 602 F.3d 974, 976 (9th Cir. 2010) for the following proposition: "a principal is guilty of an offense if she used 'an innocent pawn to cause an act to be done which, if performed by the principal, would be unlawful.'" The Court finds that this argument does not help the government because Defendant still did not exercise unauthorized control or dominion over the federal funds or obtain the funds from the innocent third parties.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant's Motion to Dismiss Indictment (#26) is GRANTED in its entirety.

DATED: This 11th day of May, 2012.

_____
United States District Judge